UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

G.M.,

              Plaintiff,

       v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

Case No.  24-cv-07614-LJC

**ORDER RESOLVING SOCIAL
SECURITY DISABILITY ACTION**

## I.      INTRODUCTION

Plaintiff G.M.[1] brings this action challenging the decision of Defendant the Commissioner of Social Security (the Commissioner)[2] denying G.M.'s application for disability benefits.  The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c) and filed briefs on the merits in accordance with the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).  Both parties agree that the matter should be remanded for further administrative proceedings.  The parties dispute only the scope of that remand: G.M. asks that further proceedings on remand be cabined only to one portion of the administrative decision, while the Commissioner argues that the entirety of the previous decision may be reconsidered de novo.

For the reasons discussed below, the Court holds in favor of G.M.  The Commissioner's

[1] Because opinions by the Court are more widely available than other filings, and this Order contains potentially sensitive medical information, this Order refers to the plaintiff only by her initials.  This Order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] Commissioner Frank Bisignano assumed that role while this case was pending and is therefore automatically substituted as the defendant in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

*United States District Court*
*Northern District of California*

decision at Step 5 of the sequential evaluation of disability is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this Order.

## II.    BACKGROUND

Because the only dispute in this case is a procedural question regarding the appropriate scope of remand, this Order need not recount G.M.'s medical history and records.  This Order instead briefly addresses the regulatory framework for determinations of disability, the ALJ's decision in this case, and the parties' arguments, before turning to the Court's analysis.

### A.    Five-Step Framework for Disability Determinations

The Social Security Administration uses a five-step process to determine whether claimants are disabled, and thus entitled to disability benefits:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "*not disabled*" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "*not disabled*" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "*disabled*" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "*not disabled*" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "*disabled*" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the

United States District Court
Northern District of California

> national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "*not disabled*" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "*disabled*" and therefore entitled to disability benefits. *See id.*

*Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999) (footnote omitted); *see also Maxwell v. Saul*, 971 F.3d 1128, 1130 n.2 (2020).[3]

Before evaluating Steps 4 and 5, the ALJ assesses a claimant's residual functional capacity (RFC), which is "what the individual can still do despite her limitations." *See*n *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001).  "At steps one through four, the claimant retains the burden of proof; at step five, the burden shifts to the Commissioner." *Maxwell*, 971 F.3d at 1130 n.2.

### B.      Administrative Decision and Procedural History

G.M., who suffers from pain due to a torn abdominal wall after giving birth by C-section, represented herself during administrative proceedings.  She declined the ALJ's offer to assist her in finding a representative.  ECF No. 10 (Administrative Record, hereinafter AR) at 35–36.

At Step 1, the ALJ determined that G.M. had not engaged in substantial gainful activity since her alleged onset date of September 27, 2021, though she had attempted unsuccessfully to return to work.  AR at 21.

At Step 2, the ALJ determined that G.M. had severe impairments related to a C-section birth and hernia. *Id.*

At Step 3, the ALJ determined that G.M.'s impairments did not meet or equal the severity of any listed impairment, specifically considering and rejecting Listing 5.02. *Id.* at 22.

To evaluate Steps 4 and 5, the ALJ assessed G.M.'s RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except frequent

---

[3] The regulatory citations in this passage apply to adjudication of Disability Insurance benefits and refer to an earlier version of 20 C.F.R. § 404.1520 that is substantially similar to the current language of that regulation.  20 C.F.R. § 416.920 sets forth materially identical steps to assess disability for the purpose of Supplemental Security Income benefits, which are not at issue in this case.

postural activities such as climbing, balance, stooping, or crouching, except she can occasionally climb ladders, ropes and scaffolds, or crawl. She must avoid concentrated exposure to hazards such as unprotected heights and heavy and hazardous machinery.

*Id.*

At Step 4, the ALJ determined that G.M. could not perform her past relevant work as an esthetician or make-up artist.  *Id.* at 27.

At Step 5, the ALJ credited a vocational expert's testimony that someone with G.M.'s RFC "would be able to perform the requirements of representative occupations such as document specialist, DOT code 249.587-018, sedentary exertional demands, SVP 2, with 15,670 jobs identified nationally; addresser, DOT code 209.587-010, sedentary exertional demands, SVP 2, with 2,060 jobs identified nationally; and touch up screener, DOT code 726.684-110, sedentary exertional demands, SVP 2, with 1,070 jobs identified nationally."  *Id.* at 28.  The ALJ concluded that G.M. was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus not disabled.  *Id.*

At the hearing, the ALJ asked the vocational expert whether those three jobs were "representative" of what was available for someone with G.M.'s RFC and to confirm whether "there are others."  *Id.* at 71.  The vocational expert agreed that was correct.  *Id.*  The ALJ did not rely specifically on the availability of other jobs beyond the three "representative occupations" in the Step 5 analysis, *see id.* at 28, and there does not appear to be evidence in the record showing what other occupations would be suitable or how many of those other jobs exist in the national economy.

The Appeals Council denied review on June 26, 2024, making the ALJ's decision the final decision of the Commissioner.  *Id.* at 8–11.

G.M., now represented by counsel, brought this action challenging the Commissioner's decision—specifically, the decision at Step 5.  G.M.'s Complaint "seeks relief as follows:"

> 1. That the Court review, reverse, and set aside the Administrative Law Judge's findings at step five of the sequential evaluation process (described at 20 C.F.R. § 404.1520(a)(4));
>
> 2. That this matter be remanded to the Social Security Administration for new step-five findings; and

United States District Court
Northern District of California

4

3. That the Court issue judgment for such other relief as may be proper, including costs and attorney's fees.

ECF No. 1 at 2.

### C.    The Parties' Arguments

G.M. contends that the ALJ did not identify a "significant number" of jobs in the national economy that she could perform with the RFC that the ALJ assessed.  ECF No. 11 at 5–8.  She argues that 18,800 jobs across the three occupations identified by the vocational expert fall short of the 25,000 jobs that the Ninth Circuit considered a "close call" for this requirement in 2014, and that district courts in the Ninth Circuit have held similar numbers insufficient.  *Id.* (citing, *e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014)).  The Commissioner does not dispute that contention, and agrees with G.M. that "remand is preferable here and the ALJ reevaluating step five" to address whether sufficient jobs are available "would be part of that remand."  ECF No. 15 at 3.

The parties contest the appropriate scope of remand.  G.M. argues that remand should be limited to the Step 5 question of whether there are a significant number of jobs that could be performed by someone with her RFC.  *See* ECF No. 11 at 8–9.  She relies on a Ninth Circuit decision holding that the relief available in an action like this one challenging the Commissioner's evaluation of disability is "limited to only those aspects of the case that are unfavorable to the claimant."  *Id.* (quoting *Brown v. Kijakazi*, 11 F.4th 1008, 1010 (9th Cir. 2021).  She also characterizes her position as implicating the doctrine of law of the case.  *Id.* at 10.

The Commissioner asserts that Social Security Administration regulations and procedures call for reevaluating the entire case after remand.  ECF No. 15 at 2.  He distinguishes the Ninth Circuit's decision in *Brown* on the basis that it involved a determination that the plaintiff was disabled for at least some period of time, which is not the case here.  *Id.* at 3.  The Commissioner also argues that law of the case applies only to decisions by courts, not to administrative decisions.  *Id.*  The Commissioner notes that G.M.'s position could work to her detriment, by "artificially prohibit[ing] the agency from finding [her] disabled at an earlier step."  *Id.* at 2 n.2.

G.M. argues in her reply that the only two district court cases that have cited *Brown* in similar contexts as here held that remand must be limited to the specific issues challenged by a

5

plaintiff. *See generally* ECF No. 16. G.M.'s reply does not address law of the case. *See id.*

## III.   LEGAL STANDARD

In cases challenging the denial of disability benefits, district courts have authority to review and "affirm[], modify[], or revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence," which "'means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). A court must consider evidence both supporting and detracting from the Commissioner's decision; if the evidence could reasonably support either outcome, the court may not substitute its judgment for that of the ALJ. *Id.* at 1010. Courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.*

## IV.   ANALYSIS

### A.   Significant Number of Jobs

The Commissioner does not defend the ALJ's determination that the three occupations identified by the vocational expert, which total 18,800 jobs, represent a significant number of jobs sufficient to find G.M. not disabled at Step 5. *See* AR at 27. As G.M. notes, the Ninth Circuit has held 25,000 jobs nationally to be a "close call" for this test, *Gutierrez*, 740 F.3d at 529, and district courts have held that numbers similar to those here are insufficient, *see, e.g.*, *Troncao v. O'Malley*, No. 23-cv-03467-EJD, 2024 WL 3873981, at *1 (N.D. Cal. Aug. 16, 2024) (finding 19,400 jobs insufficient); *Valencia v. Astrue*, No. C 11-06223 LB, 2013 WL 1209353, at *18 (N.D. Cal. Mar. 25, 2013) ("114 regional or 14,082 national positions do not constitute a significant number . . . ."). District "courts in the Ninth Circuit generally find that fewer than 25,000 total available jobs is not a significant number that justifies denying disability benefits." *Troncao*, 2024 WL 3873981, at *1 (citing *Nelson v. Berryhill*, No. 3:17-cv-00614, 2018 WL 799162, at *13 (S.D. Cal. Feb. 8, 2018), *recommendation adopted*, 2018 WL 1638222 (S.D. Cal. Apr. 5, 2018)).

6

In the absence of any argument to the contrary, the Court holds that the ALJ erred in finding that 18,800 jobs nationwide constituted "work which exists in significant numbers." *See* 42 U.S.C. § 1382c(a)(3)(B). Remand for further proceedings is necessary to address that issue.

### B.    Scope of Remand

The Ninth Circuit has held that a plaintiff's complaint defines the scope of remand in a social security case, and the federal courts do not have jurisdiction to consider requests by the Commissioner to review other portions of his own decision. In *Brown*, an ALJ had determined that the plaintiff was disabled and entitled to benefits as of April 25, 2018, but not before that date. *Brown v. Kijakazi*, 11 F.4th 1008, 1009 (9th Cir. 2021). The plaintiff challenged the finding of non-disability for the period before April 25, 2018, and the Ninth Circuit agreed that issue should be remanded because the ALJ who made the decision had not been validly appointed. *Id.* The Commissioner argued that the finding of disability beginning on that date should also be reopened on remand, but the Ninth Circuit disagreed:

> We reject this suggestion in view of the procedural posture in which this dispute over benefits under the Act is presented to us.
>
> This proceeding does not arise from a direct appeal from [an administrative] decision . . . nor is it a direct petition for review that might similarly have brought the entirety of the administrative decision before us. Rather, the statutory procedural vehicle for seeking judicial review of a social security decision is a *civil complaint* filed in the district court, asserting the statutory cause of action against the Commissioner that is provided in § 205(g)[4] of the Act. By its terms, that statute only permits an "individual"—here, the claimant—to challenge a decision of the Commissioner, by filing a "civil action" in the district court. *See* 42 U.S.C. § 405(g). The Commissioner, of course, cannot sue himself, and so the statute does not provide him a cause of action to challenge the portions of his own decision that are favorable to the claimant. Moreover, like any complaint in a civil action, a complaint filed by a social security claimant asserting a claim under § 205(g) must set forth the relief requested. *See* Fed. R. Civ. P. 8(a)(3). Given that only the claimant (or, perhaps, the claimant's representative) can file an action under § 205(g), the relief requested in any such complaint will necessarily be limited to only those aspects of the case that are unfavorable to the claimant. Thus, unsurprisingly, the complaint in this case asked the district court to "review[], reverse[], and set aside" the ALJ's denial of "disability benefits for the time period of September 28, 2013

---

[4] *Brown*'s analysis refers to section 205 of the Social Security Act, which is codified as 42 U.S.C. § 405.

through April 24, 2018," and the complaint specifically added that "the finding of disability since April 25, 2018 should not be disturbed."

As the appeal in this civil action comes to us, therefore, the *only* question is whether Brown should be granted the relief he requests, which is to set aside the determination that he was not disabled before April 25, 2018. We have no authority to set aside, or to disturb, the Commissioner's grant of benefits for the time period on or after April 25, 2018, because that was never placed at issue prior to the entry of judgment below. *Cf. Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975) (relief outside the pleadings should not be granted where opposing party lacked notice and would be prejudiced). We therefore cannot enter an order, as the Government requests, directing that the entirety of the decision be redetermined. To do so would, in effect, assert and grant a form of counterclaim or cross-claim on the Government's behalf, and the Government has not identified any authority that would allow us to do that.

Accordingly, we remand this case to the district court with instructions to remand to the agency with instructions to set aside the ALJ's determination that Brown was not disabled before April 25, 2018, and to conduct a new hearing on that issue before a different, and properly appointed, ALJ.

*Id.* at 1009–10 (some citations omitted).

That decision is consistent with (though it does not specifically address) a principle of Ninth Circuit jurisprudence that seeks to avoid "an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (addressing the credit-as-true rule for judicial awards of benefits, which G.M. has not sought here). Allowing the Commissioner to reopen portions of a decision that a claimant did not challenge would risk the sort of added delay, cost, and uncertainty that the Ninth Circuit has often criticized. *See id.*

Here, G.M.'s Complaint sought to "set aside the [ALJ's] findings at step five" and that the "matter be remanded . . . for new step-five findings." ECF No. 1 at 2. Under the reasoning of *Brown*, only that finding is properly before the Court, and the Commissioner—who "cannot sue himself"—has no means to expand the scope of relief in question. *See* 11 F.4th at 1009.

The Commissioner is correct that *Brown* concerned a partial grant of benefits, while this case does not. But as far as this Court is aware, every district court to consider the issue has held that *Brown* applies equally in this context, where a plaintiff's complaint is narrowly tailored to challenge only one aspect of a decision denying benefits, and has rejected the Commissioner's

arguments to the contrary. *Pantoja v. Comm'r of Soc. Sec.*, No. 1:22-cv-001127-CDB (SS), 2025 WL 2755692, at *6–7 (E.D. Cal. Sept. 29, 2025) ("[R]emand is appropriate, limited to reconsideration of the ALJ's step five findings through the date of the decision."); *Nevels v. Comm'r of Soc. Sec. Admin.*, No. CV-24-02121-PHX-DGC, 2025 WL 2586138, at *2–4 (D. Ariz. Sept. 8, 2025) (remanding "for new findings at step four, and, if necessary, step five"); *motion to amend judgment denied*, 2025 WL 3101230 (D. Ariz. Nov. 6, 2025); *De Jong v. Comm'r of Soc. Sec.*, No. 1:24-cv-00381-EPG, 2024 WL 4437190, at *2–4 (E.D. Cal. Oct. 4, 2024) (remanding for consideration of only the number of jobs available at Step 5); *Ellen C-B. v. Comm'r, Soc. Sec. Admin.*, No. 6:22-cv-01650-JR, 2024 WL 1794954, at *2–3 (D. Or. Apr. 25, 2024) (same).

This Court agrees with that consensus. *Brown* held that "the statute does not provide [the Commissioner] a cause of action to challenge the portions of his own decision that are favorable to the claimant," and that the relief available in such a case is limited to what the plaintiff seeks in their complaint. 11 F.4th at 1009–10. Those principles resolve the parties' dispute in this case. G.M. here considered the ALJ's decisions at Steps 1 through 4 sufficiently "favorable" that she does not wish them disturbed, and tailored her Complaint to challenge only the decision at Step 5. As other district courts have recognize, there is no basis to hold "that distinct findings made as part of the ALJ's five-step evaluation process should never be deemed 'favorable' unless the claimant ultimately is awarded some benefits," because an "ALJ's finding that the claimant has an extremely limited RFC, or a finding that the claimant is not able to perform past work, would be favorable to the claimant." *Nevels*, 2025 WL 2586138, at *3 n.2.

The Commissioner cites no case supporting his view that he should be permitted to reconsider other portions of the ALJ's decision that G.M. did not challenge. Instead, he relies on the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX), and on a regulatory provision addressing the issues that may be raised after remand.

As the Commissioner acknowledges, the HALLEX states only that an ALJ's decision is "generally" vacated in full after remand from a district court. ECF No. 15 at 3; HALLEX I-2-8-18, 1993 WL 643058 (May 26, 2017). The Commissioner neglects to mention that a note to the HALLEX provides that on remand of "a partially favorable decision to the hearing level after a

United States District Court
Northern District of California

court remand, the ALJ must only consider the unfavorable portion of the decision." HALLEX I-2-8-18, 1993 WL 643058, n.1. There may be some question of whether "partially favorable" in that context is intended to refer only to a decision that finds disability for some period of time, but even if so, nothing in the HALLEX purports to limit a district court's authority to limit the scope of remand. Nor could it. The HALLEX is "an internal Social Security Administration policy manual" that "does not impose judicially enforceable duties on either the ALJ or this court." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010). As such, it has little bearing on the permissible scope of remand. The Commissioner cannot avoid the effect of a precedential Ninth Circuit decision through reference to his own policy manual.

The Commissioner's only other cited authority, a regulation, states that "[w]hen a Federal court remands a case to the Commissioner for further consideration, . . . [a]ny issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in the case." 20 C.F.R. § 404.983(a). As with the HALLEX, this provision does purport to limit courts' authority to constrain the scope of remand. It is instead best read as providing that issues are not automatically waived through either a claimant's or the ALJ's failure to address them in a prior hearing, nor is there a blanket rule against reconsidering issues previously presented. To read § 404.983(a) as prohibiting courts from constraining the scope of review on remand, or prohibiting claimants from seeking narrowly tailored judicial relief, would conflict with *Brown*, because nothing in that regulation draws a distinction between the sort of step-of-analysis constraint at issue here and the time-period constraint in *Brown*. This Court is bound by the Ninth Circuit's precedential decision in *Brown*, and therefore cannot read § 404.983(a) as the Commissioner proposes.[5]

[5] The Commissioner cites no authority applying § 404.983(a) to prohibit judicial limitations of the issues subject to review on remand. In other cases—but not here—the Commissioner has relied on the Ninth Circuit's unpublished and non-precedential decision *Velazquez v. Bisignano*, No. 24-3034, 2025 WL 2437493 (9th Cir. Aug. 25, 2025), which cited that regulation in a related context and declined to read *Brown* as supporting a judicial award of benefits based on a purported error at Step 5. Other district courts have rejected arguments that *Velazquez* undermines or limits the holding of *Brown*, noting (for example) that the dispute in *Velazquez* was whether the court should instruct the Commissioner to award benefits on remand rather than allowing further administrative

The Commissioner also notes—without any particular argument—that G.M.'s Complaint includes a standard request for "such other relief as may be proper." ECF No. 15 at 2. That complete request reads as follows: "That the Court issue judgment for such other relief as may be proper, including costs and attorney's fees." ECF No. 1 at 2. Reconsidering other portions of the decision that G.M. did not challenge does not resemble the specific forms of other relief listed in that request, recovery of fees and costs. Indeed, it is difficult to see how such an outcome could be viewed as "relief" at all to a plaintiff who does not wish it. To the extent the Commissioner's brief could be read as suggesting that this catch-all prayer for relief expands the scope of appropriate review, the Commissioner cites no authority construing such a request as encompassing reopening the portions of an administrative decision that a claimant considers favorable and declined to challenge. At least under the circumstances of this case, the Court does not find such "relief" appropriate.

To borrow language that courts have long used in the separate context of subject matter jurisdiction and removal from state court, *Brown*'s holding effectively recognizes that a Social Security disability "plaintiff is the master of [her] complaint." *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up). By limiting the issues presented and relief sought in a complaint, a plaintiff may cabin the scope of judicial review and further administrative proceedings. As the Commissioner notes, such a limitation might sometimes work to a plaintiff's detriment. For example, if on remand the Commissioner identifies other jobs that someone with the RFC assessed by the ALJ could perform, G.M. might regret not challenging other aspects of the ALJ's decision. Under *Brown*, however, that is G.M.'s decision to make. She has elected to pursue relief only with respect to the ALJ's decision at Step 5. Remand is therefore limited to that issue.

proceedings of any kind, and that no party disputed the error at an earlier analytical step that the Ninth Circuit instructed the Commissioner to reconsider during further administrative proceedings. *Pantoja*, 2025 WL 2755692, at *7; *Nevels*, 2025 WL 2586138, at *3 n.2. This Court also notes that the complaint in *Velazquez* challenged the administrative decision as a whole, rather than limiting the scope of relief sought to reversal and reconsideration of a specific portion of that decision. *See* Compl., *Velazquez v. Kijakazi*, No. 22-cv-05522-RMI, ECF No. 1 (N.D. Cal. Sept. 27, 2022). The reasoning of *Brown*—that the relief sought it a plaintiff's complaint controls the scope of review and remand—therefore would not support a more limited remand in that case.

11

Though not addressed by the parties here, other district courts have cabined the restrictions they imposed on remand to the period ending with the date of the ALJ's decision at issue. *Pantoja*, 2025 WL 2755692, at *7; *De Jong*, 2024 WL 4437190, at *3–4; *Ellen C-B.*, 2024 WL 1794954, at *2. That approach is sensible. To do otherwise would allow a plaintiff who might have since recovered from their disability to recover benefits for a period of time in which they were not disabled, with no ability for the Commissioner to consider evidence from that period. The Court therefore remands this case with instructions for the Commissioner to address, for the period through the January 25, 2024 date of the ALJ's decision, *only* the Step 5 question of the number of jobs available for someone with the RFC assessed by the ALJ. "However, this order does not constrain the ALJ's decision-making role for any unadjudicated period." *See De Jong*, 2024 WL 4437190, at *3. The Court leaves for the Commissioner to determine on remand the appropriate procedures, consistent with law and regulation, to address whether G.M. was disabled in the period after the ALJ's decision.[6]

## V.   CONCLUSION

For the reasons discussed above, the Commissioner's decision finding G.M. not disabled is REVERSED only with respect to the Commissioner's analysis of other jobs available at Step 5 of the sequential evaluation process.[7] The matter is REMANDED for further administrative proceedings consistent with this Order. The Clerk shall enter judgment in favor of G.M. and close the case.

**IT IS SO ORDERED.**

Dated: March 30, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[6] The Court does not reach the parties' arguments regarding law of the case.

[7] Both parties agree that assessment of G.M.'s RFC, though relevant to the analysis at Step 5, is not part of the Step 5 decision that G.M. has challenged. *See* ECF No. 11 at 3 ("Before proceeding to step four the ALJ determined that the plaintiff has the residual functional capacity (RFC) to . . . ."); ECF No. 15 at 3 ("In between steps three and four, the ALJ determines a claimant's residual functional capacity."). G.M.'s RFC for the period of time in question is therefore not subject to reevaluation on remand.

12